■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS DIAZ, Appellant. [689 NYS2d 151] —Appeal by the defendant from a judgment of the County Court, Suffolk County (Vaughn, J.), rendered March 21, 1995, convicting him of criminal sale of a controlled substance in the first degree (two counts), criminal possession of a controlled substance in the first degree (two counts), criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree, upon a jury verdict, and sentencing him to an indeterminate term of 20 years to life imprisonment on each conviction of criminal sale of a controlled substance in the first degree and each conviction of criminal possession of a controlled substance in the first degree, and an indeterminate term of 8⅓ to 25 years imprisonment on the convictions of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, with the sentences imposed for the first conviction of criminal sale of a controlled substance in the first degree (count one) and the first conviction of criminal possession of a controlled substance in the first degree (count two) to run concurrently with each other and consecutive to the sentences imposed for the second convictions of criminal sale of a controlled substance in the first degree (count three) and criminal possession of a controlled substance in the first degree (count four), which run concurrently with each other and consecutive to the sentences imposed for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by providing that the terms of 20 years to life imprisonment shall all run concurrently with each other; as so modified, the judgment is affirmed.

In the exercise of our discretion we modify the sentence imposed to provide that the indeterminate terms of 20 years to life imprisonment shall run concurrently with each other.

We have considered the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be without merit. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.