— Appeal by the defendant, as limited by his brief, from so much of a resentence of the Supreme Court, Kings County (Gary, J.), imposed September 23, 2014, as, upon his conviction of manslaughter in the second degree, upon a jury verdict, after remittitur from the Court of Appeals for resentencing (see People v Maldonado, 24 NY3d 48, 58 [2014]), and upon resentencing him to an indeterminate term of imprisonment of 71/2 to 15 years, directed that the resentence run consecutively to the indeterminate term of imprisonment of 2 to 4 years previously imposed upon his conviction of grand larceny in the fourth degree.
 

 Ordered that the resentence is reversed insofar as appealed from, as a matter of discretion in the interest of justice, and the indeterminate term of imprisonment of 7V2 to 15 years on the conviction of manslaughter in the second degree shall run concurrently with the indeterminate term of imprisonment of 2 to 4 years previously imposed upon the defendant’s conviction of grand larceny in the fourth degree.
 

 In the exercise of our interest of justice jurisdiction, we reverse the resentence insofar as appealed from to provide that the indeterminate term of imprisonment of 7V2 to 15 years on the conviction of manslaughter in the second degree shall run concurrently with the indeterminate term of imprisonment of 2 to 4 years previously imposed upon the defendant’s conviction of grand larceny in the fourth degree (see People v Martinez, 142 AD3d 718, 718 [2016]; People v Diaz, 259 AD2d 628 [1999]). In light of our determination, it is unnecessary to reach the defendant’s remaining contentions (see People v Martinez, 142 AD3d at 718).
 

 Chambers, J.R, Miller, Hinds-Radix and Duffy, JJ., concur.